4 November 1999

 No. 3--98--0759

_________________________________________________________________

 IN THE 

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 1999

DONALD HELM,                   )  Appeal from the Circuit Court

                               )  of the 14th Judicial Circuit, 

     Plaintiff-Appellant,      )  Rock Island County, Illinois

                ) 

v.      )  No. 98--MR--64

                          )               ODIE WASHINGTON, Director of   ) 

Corrections,                   )  Honorable

                               )  Joseph F. Beatty

     Defendant-Appellee.       )  Judge, Presiding 

________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

________________________________________________________________ 

Plaintiff Donald Helm brought a 
mandamus
 action against defendant Odie Washington, Director of the Illinois Department of Corrections (DOC).  Plaintiff claimed that he was entitled to 180 days of meritorious good conduct credit, which defendant arbitrarily denied.  On defendant's motion, the trial court found the petition frivolous and dismissed it.  In this appeal, plaintiff contends that (1) the trial court erred in denying 
mandamus
 relief; (2) the court erred in finding his petition frivolous; and (3) defendant denied him due process of law by 
failing to ensure that plaintiff had meaningful access to the courts.  We hold that plaintiff's cause was not a "lawsuit" as defined in section 3--6--3(d)(2) of the Unified Code of Corrections (730 ILCS 5/3–6–3(d)(2) (West 1998)); therefore, we reverse the finding of frivolity.  In all other respects, we affirm.

FACTS

In his petition, plaintiff alleged that he pleaded guilty to burglary on October 21, 1996, and received an eight-year prison sentence.  He subsequently completed educational programs and work assignments and qualified for 180 days of meritorious good conduct credit pursuant to section 3--6--3(a)(3) of the Unified Code of Corrections (Code) (730 ILCS 5/3--6--3(a)(3) (West 1998)) and DOC rules.  Defendant allegedly denied plaintiff's request for the credit on the ground that plaintiff had a prior order of protection filed against him.  Plaintiff said other prisoners similarly situated were granted the credit.

Defendant moved to dismiss the petition on the ground that the award of meritorious good conduct credit is discretionary.  After plaintiff filed an objection to defendant's motion, defendant filed a "Motion for Finding of Frivolity Pursuant to 730 ILCS 5/3--6--3(d)(1)."  Following a hearing, the trial court granted both of defendant's motions and dismissed the cause.  Plaintiff's post-judgment motion to prevent defendant from taking punitive action based on the finding of frivolity was denied.
(footnote: 1)
SUFFICIENCY OF 
MANDAMUS
 PETITION

Plaintiff first argues that his petition should not have been dismissed because it adequately stated a claim for 
mandamus
 relief.  We disagree.

A writ of 
mandamus
 will issue only if the plaintiff has a clear right to the relief sought, the defendant has a clear duty to act, and the defendant has clear authority to comply with the writ.  
Orenic v. Illinois Labor Relations Board
, 127 Ill. 2d 453, 537 N.E.2d 784 (1989).  
Mandamus
 is an extraordinary remedy which may be used only to compel a public official or body to perform a ministerial duty in which the official exercises no discretion.   
Romero v. O'Sullivan
, 302 Ill. App. 3d 1031, 707 N.E.2d 986 (1999).  The decision to award meritorious good conduct credit to qualifying prisoners is discretionary under section 3--6--

3(a)(3).  730 ILCS 5/3--6--3(a)(3) (West 1998).  Defendant is not required to grant the credit or even consider it.  
Brewer v. Peters
, 262 Ill. App. 3d 610, 633 N.E.2d 17 (1994).

Plaintiff's petition in this case alleged only that he qualified for consideration of time credit against his sentence, which could be granted or denied at defendant's discretion.  As such, he failed to allege a clear duty to act on the part of defendant, and the trial court did not err in dismissing the petition.

FINDING OF FRIVOLITY

Next, we consider plaintiff's argument that the court erred in finding the petition frivolous.  Specifically, plaintiff argues that the trial court abused its discretion.  Plaintiff points out that after the court entered its order, the DOC recalculated his out date by adding back 180 days of day-for-day good conduct credit, thereby extending the period of his commitment by 6 months as a penalty for pursuing this action.  We do not reach plaintiff's abuse-of-discretion argument, because we hold that the finding of frivolity was erroneous as a matter of law.

Section 3--6--3(d) of the Code provides that the DOC may revoke up to 180 days of good conduct credit based on the trial court's specific finding that a pleading in a prisoner's lawsuit is frivolous.  The statute contains definitions for both "frivolous" and "lawsuit."  730 ILCS 5/3--6--3(d)(1),(2) (West 1998).  A "lawsuit" is defined as 

"a petition for post conviction relief under Article 122 of the Code of Criminal Procedure of 1963, a motion pursuant to Section 116--3 of the Code of Criminal Procedure of 1963, a habeas corpus action under Article X of the Code of Civil Procedure or under federal law (28 U.S.C. 2254), a petition for claim under the Court of Claims Act or an action under the federal Civil Rights Act (42 U.S.C. 1983)."  730 ILCS 5/3--6--3(d)(2) (West 1998).

Defendant urges this court to affirm the trial court's finding of frivolity in this case by including 
mandamus
 actions within the foregoing list.  We decline the invitation.

 Penal statutes must be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.  
People v. Laubscher
, 183 Ill. 2d 330, 701 N.E.2d 489 (1998).  The court's duty in construing a statute is to give effect to the intent of the legislature, and the language of the statute is the best indication of legislative intent.  
Kunkel v. Walton
, 179 Ill. 2d 519, 689 N.E.2d 1047 (1997).  As a general rule, where a statute lists the things to which it refers, an inference arises that all omissions should be understood as exclusions.  
Burke v. 12 Rothschild's Liquor Mart, Inc.
, 148 Ill. 2d 429, 593 N.E.2d 522 (1992).  Although this rule may be overcome by a strong indication of legislative intent, it may not be avoided simply to correct an apparent oversight and achieve a desirable result.  
Bridgestone/Firestone, Inc. v. Aldridge
, 179 Ill. 2d 141, 688 N.E.2d 90 (1997).  

Neither party has directed this court's attention to precedent construing the statute here at issue, and our independent research has revealed none.  To the extent that section 3--6--3(d) permits the DOC to revoke a prisoner's good conduct credit, it is penal in nature and must be construed strictly in plaintiff's favor.  Applying the foregoing rules of construction, we first note that the list of "lawsuits" in section 3--6--3(d)(2) omits 
mandamus
 actions or any reference to Article XIV of the Code of Civil Procedure, which governs them.    The specific listing of actions included within the scope of section 3--6--3--(d) reveals a legislative intent to exclude all actions omitted from the list.  See 
Bridgestone/Firestone, Inc.
, 179 Ill. 2d 141, 688 N.E.2d 90.  Nor do we deem the omission inadvertent.  Clearly, had the legislature intended to include 
mandamus
 actions, it could have done so.  Defendant admits in his brief that 
mandamus
 actions were never mentioned in the legislative debates.

It is also significant that section 3--6--3(d)(2) was recently amended to include section 116--3 motions.  See Pub. Act 90--141, eff. January 1, 1998 (amending 730 ILCS 5/3--6--3(d)(2) (West 1998)).  This expansion of the list of "lawsuits" without including 
mandamus
 actions supports our conclusion that the legislature intended the list to be exclusive.  See 
Bridgestone/Firestone, Inc.
, 179 Ill. 2d 141, 688 N.E.2d 90.  While we may agree with defendant that inclusion of frivolous 
mandamus
 actions in section 3--6--3(d) would be consistent with the underlying policy of deterring prisoners' sabbaticals to the courthouse on specious claims, it is not within the purview of the court to rewrite the statute. 

We reject as well defendant's suggestion that plaintiff's petition could be regarded as a petition for 
habeas
 
corpus
.  It is true that plaintiff's term in prison could have been reduced by granting the 
relief sought in his petition for writ of 
mandamus
.  However, the gist of the petition was to compel defendant to grant sentencing time credit and recalculate plaintiff's projected out date, not to challenge the length of his sentence or obtain his release.  Therefore, the petition was not clearly one for 
habeas
 relief.  See 735 ILCS 5/10--102 (West 1998).

Having determined that there is no strong indication of legislative intent to include plaintiff's 
mandamus
 action among the "lawsuits" wherein a prisoner risks losing good time credit, we hold that the trial court committed reversible error in granting defendant's motion for a finding of frivolity under section 3--6--3(d) of the Code.

MEANINGFUL ACCESS TO THE COURTS

Finally, plaintiff argues that he was denied his right of meaningful access to the courts.  Defendant correctly states that plaintiff failed to present this claim in the trial court; therefore, it is waived.  Even were we to consider the issue properly before us in this appeal, we would find no error.

The constitutional right of access to the courts requires only that inmates be assisted in preparing and filing meaningful legal papers by providing them with adequate law libraries or assistance from persons trained in law.  
Romero v. O'Sullivan
, 302 Ill. App. 3d 1031, 707 N.E.2d 986 (1999).  Plaintiff admits in his brief that he had the assistance of a law clerk in preparing his petition.  The fact that the petition was unsuccessful or even frivolous does not, without more, prove that plaintiff was deprived of his constitutional guarantee.  See 
Lewis v. Casey
, 518 U.S. 343, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996).  

CONCLUSION

For the reasons stated, we reverse the finding of frivolity and affirm the judgment of the circuit court of Rock Island County in all other respects.  Mandate to issue immediately.

Affirmed in part; reversed in part.

Homer and Koehler, JJ., concur.

FOOTNOTES
1:
Plaintiff's 
pro
 
se
 brief to this court contains documents showing that after plaintiff filed his notice of appeal the DOC extended his projected out date by six months as a result of the finding of frivolity.  These documents are not properly a part of the record on appeal; however, defendant does not dispute that such action was taken.