**Arthur REID, Petitioner–Appellant,**

v.

**Jerry STERNES, Warden, Respondent–Appellee.**

**No. 02–1491.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2003.[*]

Decided Feb. 27, 2003.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER.

Arthur Reid, who is serving a 15–year sentence for delivery of cocaine in violation of Illinois law, believes that he has not received good time credits for the 335 days he spent in pretrial detention as required under state law. He filed with the circuit court of Cook County what he entitled a petition for mandamus, which was denied. He subsequently filed a similar petition with the Illinois supreme court, which was also denied. Finally, he filed a petition for a writ of mandamus with the district court, which the court treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition for failure to exhaust state remedies. Reid timely appealed, and we affirm.

Initially the state argues that we should dismiss Reid's appeal as moot because he has already received the good time credits he seeks. In support, the state has submitted two affidavits from the chief record officer of the Illinois Department of Corrections detailing her calculation of Reid's sentence, which she claims includes good time credits for Reid's pretrial detention. Reid characterizes the calculation as "shady" and incorrect. But the record as it stands does not permit us to ascertain whether Reid has received the credits he seeks that would render his appeal moot. The state's affidavits, even if true, show only that the Department of Corrections has correctly calculated the credits Reid alleges he is due, not that it has applied them toward his sentence.

Turning to Reid's argument on appeal, he asks us to vacate the district court's denial of his petition because the court erred when it concluded that he had failed to exhaust his state remedies. In its order denying Reid's petition, the court held that Reid failed to file an action for mandamus in Illinois circuit court, the proper method of challenging the Department of Correction's failure to award good time credits. *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir.2001); *Guzzo v. Snyder,* 326 Ill.App.3d 1058, 261 Ill.Dec. 94, 762 N.E.2d 663, 668– 69 (2001); *see also* 735 ILCS 5/14–101 *et seq.* (Illinois' mandamus statute). Although Reid did file a document entitled "Petition Of Mandamus" with the circuit court, he failed to follow the proper procedures for initiating a mandamus action because he failed to file a complaint, obtain a summons, or serve a summons on the defendant. 735 ILCS 5/14–102, 14–103.

Reid also failed to exhaust his state remedies because he did not appeal the circuit court's denial of his petition. In order to fully exhaust state remedies, a petitioner must pursue every available appeal. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). But Reid failed to file an appeal with the Illinois appellate court. *See McAtee,* 250 F.3d at 508–09. Even if the petition Reid filed in the Illinois supreme court could be construed as an appeal, Reid would not be permitted to skip the appellate court and file directly with the supreme court unless the appeal involved (1) a ruling that a statute is invalid, or (2) an administrative order of the chief circuit judge. Ill. Sup. Ct. R. 302(a); *People v. Fuller,* 187 Ill.2d 1, 239 Ill.Dec. 582, 714 N.E.2d 501, 514 (1999) (McMorrow, J., dissenting). Reid's request for mandamus relief involved neither and so he was not excused from first filing his appeal in the appellate court.

Accordingly, the judgment of the district court is AFFIRMED.