DWIGHT BREWER, Plaintiff-Appellant, v. HOWARD PETERS III, Director of Corrections, Defendant-Appellee.—DUANE VYSTHER, Plaintiff-Appellant, v. HOWARD PETERS III, Director of Corrections, Defendant-Appellee.

Fifth District    Nos. 5—92—0205, 5—92—0382 cons.

Opinion filed March 2, 1994.

Dwight Brewer and Duane Vysther, appellants *pro se.*

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of this court:

Plaintiffs, Dwight Brewer and Duane Vysther, appeal from the trial court's dismissal of their petitions for writs of *mandamus* and *habeas corpus.* Each requested that defendant, Howard Peters III, Director of Corrections, be ordered to consider him for 90 additional days of good-conduct credit or release him 90 days before his projected release date. Both challenge section 3—6—3 of the Unified Code of Corrections (the Code), specifically subsection (a)(3) (Ill. Rev. Stat. 1991, ch. 38, par. 1003—6—3(a)(3)) prohibiting an award of good-conduct time to inmates convicted of certain offenses. They claim this section violates equal protection and due process rights under the Illinois and United States Constitutions and is also an *ex post facto* law. We affirm.

I

In cause No. 5—92—0205, Dwight Brewer was convicted of criminal sexual assault on October 11, 1989. In January of 1992, he filed a petition for writs of *mandamus* and *habeas corpus* in the circuit court of Johnson County, where he was incarcerated. He also filed a motion for appointment of counsel. Upon motion of defendant the case was dismissed on March 12, 1992.

In cause No. 5—92—0382, Duane Vysther was convicted of two counts of aggravated criminal sexual assault on June 21, 1990. His petition for the same relief as requested by plaintiff Brewer was

dismissed in May of 1992. On motion of the common appellee, the cases were consolidated for appeal.

## II

Section 3—6—3 of the Code reads as follows in the parts pertinent to this appeal:

"§ 3—6—3. Rules and Regulations of Early Release. (a)(1) The Department of Corrections shall prescribe rules and regulations for the early release on account of good conduct of persons committed to the Department which shall be subject to review by the Prisoner Review Board.

(2) Such rules and regulations shall provide that the prisoner shall receive one day of good conduct credit for each day of service in prison other than where a sentence of 'natural life' has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court.

(3) Such rules and regulations shall also provide that the Director may award up to 180 days['] additional good conduct credit for meritorious service in specific instances as the Director deems proper; except that the additional 90 days of good conduct credit for meritorious service provided by this amendatory Act of 1990 shall not be awarded to any prisoner who is serving a sentence for conviction of first degree murder, reckless homicide while under the influence of alcohol or any other drug, aggravated kidnapping, kidnapping, *aggravated criminal sexual assault, criminal sexual assault*, deviate sexual assault, aggravated criminal sexual abuse, aggravated indecent liberties with a child, indecent liberties with a child, child pornography, heinous battery, aggravated battery of a spouse, aggravated battery of a spouse with a firearm, aggravated battery of a child, endangering the life or health of a child, cruelty to a child, or narcotic racketeering." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, pars. 1003—6—3(a)(1), (a)(2), (a)(3) (now 730 ILCS 5/3—6—3(a)(1), (a)(2), (a)(3) (West 1992)).

The above statute was amended effective July 13, 1990, permitting defendant the discretion to grant up to 90 additional days of good-conduct-time credit but excluding inmates convicted of certain offenses, including those committed by plaintiffs.

■ Plaintiffs claim they would be eligible for this good-conduct time but for the amendment to the statute. They argue the classification of offenses in the amendment does not satisfy the "rational basis" test in *People v. Lindner* (1989), 127 Ill. 2d 174, 535 N.E.2d 829. Both claim that no reasonable set of facts justifies the classification, and that it does not designate a certain class, such as Class X or sex

offenders. Therefore, they insist, the amendment violates the equal protection and due process clauses of both the United States and Illinois Constitutions. Defendant responds the statute meets the test in *Lindner* since its classification is rationally related to a legitimate government interest. He argues, and plaintiffs concede in their briefs, that the General Assembly's intent was to address the legitimate government interest of alleviating prison overcrowding while reducing the risk of public harm from the early release of offenders. We agree. After reviewing this statute and its classifications, we cannot say it does not exhibit a rational basis related to a legitimate governmental need, the problems of overcrowding and release of dangerous offenders. Plaintiffs have not overcome the statute's presumption of constitutionality. See *Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 144 N.E.2d 735.

■ Defendant further contends that the circuit court was correct in dismissing plaintiffs' petitions, since the relief requested could not be granted. We agree. For *mandamus* to be granted, there must be a clear duty to act on the part of defendant, appellee here, and clear authority to act. (*Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 537 N.E.2d 784.) The award of good-conduct time and the decision to consider granting good-conduct time are discretionary under the statute; defendant is not required to grant the time or even consider it. A clear duty to act is not present here.

Plaintiffs further argue *habeas corpus* relief should be granted, whereby their release dates are advanced 90 days. Our disposition of the equal protection argument and *mandamus* claim above also shows *habeas* relief cannot be granted.

■ Plaintiffs lastly contend that the statutory amendment is an *ex post facto* law. To be so, it must criminalize an act that was not an offense when committed, increase punishment for a previously committed offense, or alter rules of evidence to make conviction of a prior act easier. (*People v. Shumpert* (1989), 126 Ill. 2d 344, 533 N.E.2d 1106.) The amendment's effect does none of these by precluding defendant from granting plaintiffs a discretionary benefit. It is not an *ex post facto* enactment.

■ Plaintiffs both filed motions for appointment of counsel, which motions the circuit court did not address. A court has no duty to appoint counsel in a civil action. (*Doherty v. Caisley* (1984), 104 Ill. 2d 72, 470 N.E.2d 319; *Tedder v. Fairman* (1982), 92 Ill. 2d 216, 441 N.E.2d 311.) We cannot say, therefore, that the court abused its discretion by not ruling on the motions but instead proceeding to the motions to dismiss.

Based on our disposition of the issues raised by plaintiffs, the orders of the circuit court of Johnson County are affirmed.

No. 5—92—0205 (No. 92—MR—2), Affirmed.
No. 5—92—0382 (No. 92—MR—26), Affirmed.

LEWIS, P.J., and RARICK, J., concur.