# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Harris*, 2012 IL App (1st) 092251

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY HARRIS, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-09-2251 |
| Opinion filed<br>Opinion withdrawn<br>Opinion filed | July 22, 2011<br>January 12, 2012<br>April 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The sentencing ranges for armed robbery while armed with a firearm and aggravated kidnaping while armed with a firearm violated the proportionate penalties clause because each has a harsher sentence than armed violence predicated on robbery or armed violence predicated on kidnaping, and the appropriate remedy for the improper sentences imposed on defendant was to remand for resentencing in accordance with the statutes as they existed prior to their amendment by the addition of the 15-year enhancement for the use of a firearm. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-23182 (01); the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Affirmed in part; cause remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Emily Wood, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Sara A. Phillips, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE J. GORDON delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Bobby Harris appeals from an order of the circuit court of Cook County summarily dismissing his petition for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2004). Defendant contends that his convictions are unconstitutional for violating the proportional penalties clause of the Illinois Constitution and the equal protection clause of the United States Constitution, and that his mittimus should be corrected to reflect two additional days of credit for time served in custody prior to sentencing and the correct statute under which he was convicted.

¶ 2                                BACKGROUND

¶ 3    The record shows that defendant was arrested on September 10, 2004, and subsequently charged with armed robbery in that he, while armed with a dangerous weapon, took a gold ring, an earring, a wallet and United States currency from Ronald Whitney by the threat of force. Defendant was also charged with six counts of aggravated kidnaping, in that he knowingly by the use of force or threatened use of force carried Ronald Whitney from one place to another with the intent to secretly confine him against his will and sought to obtain ransom. Following a jury trial, defendant was convicted of armed robbery while armed with a firearm and two counts of aggravated kidnaping while armed with a firearm. Subsequently, on July 7, 2006, the trial court sentenced defendant to 20 years' imprisonment for armed robbery and 20 years for aggravated kidnaping, to run concurrently.

¶ 4    At the sentencing hearing, the State noted that defendant was convicted of two Class X offenses and was, therefore, eligible for a sentence of between 6 and 30 years for each conviction. The State further requested the trial court to apply a 15-year sentence enhancement to each sentence because defendant was armed with a firearm during the commission of the offenses. While the trial court took into account that defendant's felonies were Class X offenses, it declined to add the 15-year enhancement to either of his sentences because the State had failed to give defendant advance notice that it would be asking for an

additional 15 years if defendant was found guilty.

¶ 5     On direct appeal, defendant argued that the trial court violated his right to a fair trial by tendering confusing jury instructions with regard to the charge of aggravated kidnaping, and alternatively, that all but one of his convictions for aggravated kidnaping should be vacated under the one-act, one-crime rule. This court affirmed defendant's convictions for armed robbery and for one count of aggravated kidnaping while armed with a firearm, but vacated his remaining convictions for aggravated kidnaping pursuant to the one-act, one-crime rule. *People v. Harris*, No. 1-06-2098 (2008) (unpublished order under Supreme Court Rule 23). Pursuant to that order, the trial court issued a corrected mittimus on December 19, 2008.

¶ 6     Following that affirmance, defendant filed the *pro se* postconviction petition at bar. Defendant argued in that petition that the aggravated kidnaping statute under which he was sentenced violated the proportionate penalties clause of the Illinois Constitution. Defendant maintained that the offense of aggravated kidnaping has the same purpose as the offense of armed violence predicated on unlawful restraint but carries with it a higher sentence, and that it has the same elements but a harsher sentence than armed robbery and aggravated kidnaping. Further, he repeated the argument made in his direct appeal that the trial court erred in tendering confusing jury instructions, for which he then raised the related claim of ineffective assistance of counsel for failing to object to those instructions. Additionally, defendant argued that his right to a trial by jury was violated when he was subjected to the truth-in-sentencing law. He contended that the truth-in-sentencing provision under which he was sentenced was triggered by the charge of aggravated kidnaping while armed with a firearm, but the jury was never asked to determine whether, in fact, a firearm was used. Lastly, defendant claimed that he was denied effective assistance of appellate counsel, who failed to challenge his sentence.

¶ 7     After a timely review of defendant's postconviction petition, the circuit court summarily dismissed it as frivolous and patently without merit. In doing so, the court found that defendant's claim that his conviction violated the proportionate penalties clause lacked merit because such a claim cannot be established merely because two offenses have the same purpose, as is the case with aggravated kidnaping and armed violence predicated on unlawful restraint. Rather, to establish such a claim for a violation of the proportionate penalties clause, it must be demonstrated that two offenses have identical elements. Accordingly, the court found that since aggravated kidnaping and armed robbery do not have identical elements, defendant's argument that they have disproportionate sentences was meritless. Likewise, it noted that the proportionate penalties clause does not apply to a comparison between aggravated kidnaping predicated on the use of a firearm and aggravated kidnaping predicated on ransom, the elements of which are not identical. In addition, the court determined that defendant's challenge to the jury instruction and related ineffective assistance of counsel claim had been raised on direct appeal and were, therefore, barred by *res judicata*. Further, the court explained that defendant's right to trial by jury was not violated when he was subjected to the truth-in-sentencing law because that law is not a sentencing enhancement which must be submitted to a jury and proven beyond a reasonable doubt. It noted that this court has previously rejected the argument made by defendant because the truth-in-sentencing statute does not change the maximum underlying penalty

prescribed. Accordingly, the court rejected defendant's claims of ineffective assistance of trial and appellate counsel because if defendant's trial counsel had objected to the jury instructions, or if appellate counsel had challenged the validity of the truth-in-sentencing law, those arguments would have been rejected. Defendant subsequently filed a motion to reconsider the denial of his postconviction petition, which the circuit court denied.

¶ 8        On appeal from that order, two separate briefs were filed on behalf of defendant. On September 9, 2010, the State Appellate Defender, who was assigned to represent defendant on this appeal, filed a brief on behalf of defendant, which challenged only the amount of credit awarded toward defendant's sentence for presentencing incarceration. On November 2, 2010, this court entered an order granting defendant's motion to file a *pro se* supplemental brief, which he filed on November 12, 2010. In that supplemental brief, defendant contends that his convictions for aggravated kidnaping and armed robbery are unconstitutional because they violate the proportionate penalties clause of the Illinois Constitution. In addition, defendant contends that the application of the truth-in-sentencing statute with regard to his conviction for aggravated kidnaping violates both the proportionate penalties clause and his right to equal protection. He also challenges the accuracy of the statutory citation for his conviction for aggravated kidnaping as it appears in his mittimus.

¶ 9                                        ANALYSIS

¶ 10        We first address defendant's contention that each of his convictions violate the proportionate penalties clause of the Illinois Constitution. With respect to his conviction for armed robbery while armed with a firearm, defendant maintains that his conviction violates the proportionate penalties clause because it has the same elements as the offense of armed violence predicated on robbery, but carries a harsher sentence. Similarly, with regard to his conviction for aggravated kidnaping while armed with a firearm, defendant contends that his conviction violates that clause because it has identical elements as, but a greater sentence than, armed violence predicated on kidnaping. According to defendant, each of the offenses for which he was convicted carries a 15-year enhancement, which makes the sentencing range for those crimes 21 to 45 years' imprisonment, while armed violence predicated on robbery or kidnaping carries a lesser term of 15 to 30 years. Defendant maintains that the appropriate relief for these violations of the proportionate penalties clause is a reversal of both his convictions, a reduction of the offense of armed robbery while armed with a firearm to simple robbery, a reduction of the offense of aggravated kidnaping to simple kidnaping, and a remand of the cause for resentencing.

¶ 11        The State responds that defendant has forfeited those claims because they could have been properly raised on direct appeal and defendant failed to do so. We disagree. Although defendant could have raised those claims on direct appeal, the unconstitutionality of a statute may be raised at any time. *People v. Wagener*, 196 Ill. 2d 269, 279-80, 752 N.E.2d 430, 438 (2001); see also *People v. English*, 334 Ill. App. 3d 156, 168-69, 778 N.E.2d 218, 229-30 (2002) (noting that while a claim that could have been raised on direct appeal is usually barred by waiver in a postconviction proceeding, a party may challenge the constitutionality of a statute at any time). Thus, we conclude that defendant has not forfeited his claim, as it

involves a determination of whether the statutes under which he was sentenced are unconstitutional.

¶ 12 The constitutionality of a statute is purely a matter of law, and we review that question *de novo*. *People v. Sharpe*, 216 Ill. 2d 481, 487, 839 N.E.2d 492, 497 (2005). As our supreme court has held:

> " 'All statutes carry a strong presumption of constitutionality. [Citation.] To overcome [that] presumption, the party challenging the statute must clearly establish that it violates the constitution. [Citation.] We generally defer to the legislature in the sentencing arena because the legislature is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly. [Citation.]' " *People v. Hauschild*, 226 Ill. 2d 63, 82, 871 N.E.2d 1, 12 (2007) (quoting *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d at 497).

¶ 13 The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. In analyzing whether a statute violates the proportionate penalties clause, we must determine "whether the legislature has set the sentence in accord with the seriousness of the offense." *People v. Guevara*, 216 Ill. 2d 533, 543, 837 N.E.2d 901, 907 (2005). A statute violates the proportionate penalties clause where two offenses have identical elements but one carries a greater sentencing range than the other. *People v. Baker*, 341 Ill. App. 3d 1083, 1087, 794 N.E.2d 353, 358 (2003).

¶ 14 In this case, defendant was convicted of armed robbery while armed with a firearm and aggravated kidnaping, and he was sentenced to 20 years' imprisonment for each offense. The Criminal Code of 1961 defines armed robbery as the taking of property from the person or presence of another by the use of force or threat of force while armed with a firearm (720 ILCS 5/18-1(a), 18-2(a)(2) (West 2006)), and aggravated kidnaping as the commission of kidnaping while armed with a firearm (720 ILCS 5/10-2(a)(6) (West 2006)). Armed violence is the commission of a felony, such as robbery or kidnaping, while armed with a category I, category II or category III weapon. 720 ILCS 5/33A-1(c)(1) (West 2006). Categories I and II combined include all types of firearms. 720 ILCS 5/33A-1(c)(2) (West 2006). As our supreme court recognized in *Hauschild*, 226 Ill. 2d at 86, 871 N.E.2d at 14, when the offense of armed violence is predicated on robbery pursuant to section 33A-1 (720 ILCS 5/33A-1(c)(1) (West 2006)), it contains the same elements as armed robbery while armed with a firearm. Likewise, this court has found that when armed violence is predicated on kidnaping under that statute, it has identical elements as aggravated kidnaping. *People v. Gibson*, 403 Ill. App. 3d 942, 954, 934 N.E.2d 611, 621 (2010); *Baker*, 341 Ill. App. 3d at 1089-90, 794 N.E.2d at 358-59. Accordingly, pursuant to the proportionate penalties clause, the sentences assigned for armed robbery while armed with a firearm and for aggravated kidnaping should not be different from the sentence assigned for armed violence. *Hauschild*, 226 Ill. 2d at 86-87, 871 N.E.2d at 14; *Gibson*, 403 Ill. App. 3d at 954, 934 N.E.2d at 621; *Baker*, 341 Ill. App. 3d at 1089-90, 794 N.E.2d at 358-59.

¶ 15 However, the sentencing ranges for armed robbery while armed with a firearm and for

aggravated kidnaping are greater than that for armed violence predicated on either robbery or kidnaping. Armed robbery while armed with a firearm and aggravated kidnaping are both Class X felonies which carry a 6- to 30-year term with a mandatory 15-year enhancement, making the sentencing range for those offenses 21 to 45 years. 720 ILCS 5/18-2(a)(2), 10-2(b) (West 2006); *Hauschild*, 226 Ill. 2d at 86, 871 N.E.2d at 14; *Gibson*, 403 Ill. App. 3d at 954, 934 N.E.2d at 621. A violation of the armed violence statute, however, is punishable by a sentence ranging from 15 to 30 years. 720 ILCS 5/33A-3(a) (West 2000); *Hauschild*, 226 Ill. 2d at 86, 871 N.E.2d at 14. Since the penalties for armed robbery while armed with a firearm and for aggravated kidnaping are harsher than the penalty for armed violence, defendant's sentences for armed robbery while armed with a firearm and for aggravated kidnaping violate the proportionate penalties clause.

¶ 16    Nevertheless, we reject defendant's argument that his convictions should be reduced to simple robbery and simple kidnaping, and his cause remanded to be sentenced as these lesser offenses. The supreme court in *Hauschild*, 226 Ill. 2d at 89, 871 N.E.2d at 16, squarely rejected that argument and held that "when an amended sentencing statute has been found to violate the proportionate penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment." *Hauschild*, 226 Ill. 2d at 88-89, 871 N.E.2d at 15-16. Before the armed robbery and aggravated kidnaping statutes were amended by Public Act 91-404 (Pub. Act 91-404 (eff. Jan. 1, 2000)), armed robbery while armed with a firearm and aggravated kidnaping were Class X felonies which carried only a sentence of 6 to 30 years' imprisonment with no 15-year enhancement, which is not harsher than the penalty for armed violence. 720 ILCS 5/18-2(b) (West 1998); 730 ILCS 5/5-8-1(a)(3) (West 1998). Accordingly, we conclude that the appropriate remedy is not to reduce defendant's convictions, but to remand his cause to the trial court for resentencing in accordance with the statutes as they existed prior to their amendment by the addition of the 15-year penalty enhancement.

¶ 17    While the State argues that defendant's sentence does not violate the proportionate penalties clause because the trial court refused to impose the 15-year enhancement on defendant, that contention lacks merit. The supreme court in *Hauschild*, 226 Ill. 2d at 88-89, 871 N.E.2d at 15-16, remanded defendant's case for resentencing after finding that the statute under which defendant was sentenced violated the proportionate penalties clause, even though the sentence imposed by the trial court had been proper, in that it did not include the 15-year enhancement. In that case, where defendant had been convicted and sentenced for more then one offense, the court found that the appropriate remedy was to resentence him under the statute as it existed before the 15-year enhancement was added. This would permit the trial court to reevaluate the length of defendant's sentence for each offense, while considering defendant's sentence in its totality under the statute as it existed before the amendment. *Hauschild*, 226 Ill. 2d at 89, 871 N.E.2d at 16. Following *Hauschild*, the court in *Gibson*, 403 Ill. App. 3d at 955, 934 N.E.2d at 622, remanded defendants' cases for resentencing, despite the fact that the trial court had explicitly stated that it was sentencing them to 12 years' imprisonment on each count of aggravated kidnaping, which was a proper sentence, and then added the 15-year enhancement because they were armed with firearms during the kidnaping. The court reasoned that since the trial court did not specifically state

that it would still sentence defendants to 12 years if the enhanced portion of the sentence were invalidated, it must be given the opportunity to reevaluate the defendants' sentences in accordance with the statute as it existed before the amendment. *Gibson*, 403 Ill. App. 3d at 955, 934 N.E.2d at 622.

¶ 18 The trial court in this case declined to impose the 15-year add-on penalty to either of defendant's sentences, and his 20-year sentences were, therefore, proper. However, the trial court stated that the reason why it declined to add the 15-year enhancement was that the State did not give proper notice to defendant that it would seek the enhancement, and not that it had any doubts as to whether the add-on penalty was valid. Accordingly, we conclude that while the sentence imposed by the trial court was proper, the appropriate remedy is to remand this case for sentencing in accordance with the statute as it existed before it was amended, in order to allow the trial court to determine defendant's sentence for each offense while taking into account the totality of his sentence. See *Hauschild*, 226 Ill. 2d at 89, 871 N.E.2d at 16; *Gibson*, 403 Ill. App. 3d at 955, 934 N.E.2d at 622.

¶ 19 Defendant next contends that, like the statutes discussed above, the application of the truth-in-sentencing statute with regard to his conviction for aggravated kidnaping violates the proportionate penalties clause of the Illinois Constitution. According to defendant, the application of section 3-6-3(a)(2)(ii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(ii) (West 2006)) to his sentence for aggravated kidnaping is unconstitutionally disproportionate because it requires him to serve 85% of his sentence for aggravated kidnaping, while it would allow the Department of Corrections to release him after serving only 50% of his sentence for the identical offense of armed violence predicated on kidnaping.

¶ 20 As previously noted, statutes are presumed to be constitutionally valid, and the party challenging the validity of a statute has the burden of clearly establishing the statute's constitutional defects. *People v. Kimbrough*, 163 Ill. 2d 231, 237, 644 N.E.2d 1137, 1141 (1994). Further, in construing a statute, a reviewing court has a duty to affirm its validity and constitutionality if reasonably possible. *Kimbrough*, 163 Ill. 2d at 237, 644 N.E.2d at 1141.

¶ 21 Having determined, as discussed above, that the offense of aggravated kidnaping while armed with a firearm has the same elements as the applicable version of armed violence predicated on kidnaping, we now turn to the question of whether the truth-in-sentencing requirement that defendant serve 85% of his sentence amounts to a greater punishment than he would face for the offense of armed violence.

¶ 22 The truth-in sentencing law provides under section 3-6-3(a)(2)(ii) of the Unified Code of Corrections provides that "a prisoner serving a sentence for *** aggravated kidnapping *** shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii) (West 2006). In contrast, section 3-6-3(a)(2.1) provides that for offenses not enumerated in subsection (a)(2), a prisoner "shall receive one day of good conduct credit for each day of his or her sentence," which would reduce his period of imprisonment by half. 730 ILCS 5/3-6-3(a)(2.1) (West 2006). Further, under section 3-6-3(a)(2)(iii), a prisoner serving a sentence for armed violence with a category I weapon or a category II weapon "shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence," but only when the court entered a

finding that the conduct leading to his conviction resulted in great bodily harm to a victim. 730 ILCS 5/3-6-3(a)(2)(iii) (West 2006). Thus, while the Unified Code of Corrections mandates that a defendant convicted of aggravated kidnaping serve 85% of his sentence in every case, it only requires a defendant convicted of armed violence to serve that same percentage of his sentence if the court finds that his conduct resulted in great bodily harm. Without such a finding, a defendant convicted of armed violence could be eligible for early release after serving 50% of his prison sentence.

¶ 23     While we note the difference between the rules for early release with regard to each offense, that difference does not pertain to the sentencing range of the two offenses. This court has held that whether penalties for offenses with identical elements violate the proportionate penalties clause depends only on whether they have different sentencing ranges, and not the manner in which those sentences are carried out. *People v. Hawkins*, 409 Ill. App. 3d 564, 572-73, 948 N.E.2d 676, 683-84 (2011). In *Hawkins*, 409 Ill. App. 3d at 566, 948 N.E.2d at 678, defendant was convicted of three counts of aggravated criminal sexual assault and sentenced to consecutive sentences of 7 years for each count. Defendant alleged that his mandatory consecutive sentences violated the proportionate penalties clause because the offense of aggravated kidnaping did not mandate consecutive sentences, even though, according to defendant, it had identical elements. *Id.* The court found that even if those two offenses had identical elements, the mandatory consecutive sentencing structure would not violate the proportionate penalties clause because the offenses had the same sentencing range, and the structure affected only the manner in which the sentence was carried out and not the punishment. *Id.* at 572-73, 948 N.E.2d at 683-84.

¶ 24     Additionally, in *People v. Robinson*, 383 Ill. App. 3d 1065, 1071, 892 N.E.2d 39, 44 (2008), this court found that the truth-in-sentencing provision requiring that defendant serve 85% of his sentence does not change the penalty for the underlying offense, at least to the extent that it would violate his right to jury trial under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant in *Robinson* was convicted of armed robbery, vehicular hijacking and vehicular invasion after a jury trial, and after sentencing, the trial court found that he must serve 85% of his sentence because he inflicted great bodily harm on one of the victims. *Robinson*, 383 Ill. App. 3d at 1068, 892 N.E.2d at 41. Defendant argued that the truth-in-sentencing provision violated his right to due process because the finding of great bodily harm increased his sentence, but was not submitted to the jury and proved beyond a reasonable doubt. *Id.* at 1071, 892 N.E.2d at 44. The reviewing court rejected that argument, finding that the statute did not change the maximum penalty for the underlying offense. *Id.* The court held that our truth-in-sentencing law does not change the sentence actually imposed on that defendant for the crime to which it is applied. *Id.* Rather, the truth-in-sentencing law determined the percentage to be actually served, which in turn depends upon the conduct of the defendant while serving that sentence. *Id.*

¶ 25     Here, too, as in *Robinson*, defendant argues that the truth-in-sentencing law, as applied to him, is tantamount to the imposition of a harsher punishment than that which he would receive for the offense of armed violence because it requires him to serve a higher percentage of his sentence. However, here, as in *Hawkins*, as well as *Robinson*, since the truth-in-sentencing provision does not affect the sentencing range imposed for the offenses of

aggravated kidnaping and armed violence, but only the manner in which the sentence is carried out, we conclude that it does not violate the proportionate penalties clause. *Hawkins*, 409 Ill. App. 3d at 574, 948 N.E.2d at 683-84.

¶ 26 Defendant next contends that even if the disparities in treatment reflected for different offenses under the truth-in-sentencing law would not be violative of the proportionality requirement under the proportionate penalties clause of the Illinois Constitution, they would be a factor in determining the constitutionality of a sentence under the equal protection clause of the United States Constitution. The equal protection clause of the fourteenth amendment requires equality between groups of people who are similarly situated. *People v. Gorgis*, 337 Ill. App. 3d 960, 975, 787 N.E.2d 329, 340 (2003) (citing U.S. Const., amend. XIV). This court has recognized that "[o]nly '[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [penalizes] one and not the other' is the equal protection clause violated." (Internal quotation marks omitted.) *Gorgis*, 337 Ill. App. 3d at 975, 787 N.E.2d at 340 (quoting *People v. Adams*, 116 Ill. App. 3d 315, 321, 451 N.E.2d 1351, 1356 (1983), quoting *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942)). Having concluded above that where a statute limits certain inmates' eligibility for good-time credit that does not constitute a higher penalty for the purpose of the proportionate penalties clause, we must now determine if such limitation amounts to unequal treatment of those inmates so as to violate the equal protection clause.

¶ 27 Where a statutory classification does not impinge on a fundamental constitutional right and is not based on a "suspect" class, such as race, a court will use the rational basis test to review its validity. *People v. Reed*, 148 Ill. 2d 1, 7, 591 N.E.2d 455, 457 (1992). Under this test, the statutory classification will be deemed constitutional if it bears a rational basis to a legitimate state interest. *Reed*, 148 Ill. 2d at 7-8, 591 N.E.2d at 457. It is well established that a statute, such as the one in this case, which limits the amount of good-time credit that may be given to defendants who were convicted of certain enumerated offenses is reviewed under this standard. See *Brewer v. Peters*, 262 Ill. App. 3d 610, 612-13, 633 N.E.2d 17, 18 (1994). In point of fact, neither party challenges the applicability of the rational basis test to the facts of this case, and our analysis will accordingly be premised upon that test.

¶ 28 In determining whether the truth-in-sentencing law violates the equal protection clause as applied to defendant, we first address defendant's question of whether it is a violation of equal protection for the statute to differentiate between the amount of good-time credit that may be given to different groups of prisoners based on the offense for which they were convicted. The decision in *Brewer*, 262 Ill. App. 3d 610, 633 N.E.2d 17, is instructive. In that case, the court upheld the validity of a statute that allowed the Department of Corrections to award an additional 90 days of good-time credit to its inmates, except to those who were convicted of certain offenses enumerated in the statute. *Brewer*, 262 Ill. App. 3d at 612-13, 633 N.E.2d at 18-19. In doing so, the court found that the statute and its classifications exhibited a rational basis related to a legitimate government interest, namely, alleviating prison overcrowding and reducing the risk of public harm from the early release of dangerous offenders. *Brewer*, 262 Ill. App. 3d at 612-13, 633 N.E.2d at 18-19. Thus, although limiting the eligibility of certain inmates to good-time credit may constitute disparate treatment among those inmates, a statute does not in and of itself violate equal protection where it

differentiates among prisoners who committed disparate crimes.

¶ 29    Defendant nevertheless claims that while equal protection may not be violated where inmates are classified based on the commission of disparate crimes, it is violated where a statute differentiates between inmates who committed different crimes that have the same elements, namely, aggravated kidnaping while armed with a dangerous weapon and armed violence predicated on kidnaping. Thus, we must now address the question of whether there is a violation of the equal protection clause where two offenses have the same elements but different eligibility for good-time credit.

¶ 30    Although the proportionate penalties clause of the Illinois Constitution does not allow offenses with the same elements to have different punishment, the equal protection clause of the United States Constitution does not impose the same limitation. See *People v. Wade*, 131 Ill. 2d 370, 379, 546 N.E.2d 553, 557 (1989). As previously discussed, we determined that a requirement that certain defendants serve a higher percentage of their sentences does not constitute a higher penalty for those defendants and would, therefore, not be deemed to be disproportionate. We likewise conclude, albeit for different reasons, that it would not violate the equal protection clause, even though it would result in different treatment of those defendants. In point of fact, our supreme court has held that even where the statutes themselves provide different sentencing ranges for similar conduct, giving the prosecutor the power to elect upon which statute to prosecute the offense, "the availability of different punishment for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process." *Wade*, 131 Ill. 2d at 379, 546 N.E.2d at 557 (citing *People v. McCollough*, 57 Ill. 2d 440, 443-45, 313 N.E.2d 462, 564-65 (1974)). In *McCollough*, 57 Ill. 2d at 444-45, 313 N.E.2d at 564-65, the supreme court held that there was no violation of the equal protection clause where two offenses overlapped, such that they had the same elements, even though they had different penalties. In that case, defendant was convicted of reckless homicide and challenged the constitutionality of the statute which defined that offense because it had the same elements as involuntary manslaughter when predicated on driving a motor vehicle, but different punishment. *McCollough*, 57 Ill. 2d at 441-42, 313 N.E.2d at 562-63. The appellate court agreed and found that defendant was deprived of due process and equal protection because the statute placed within the discretion of the State's Attorney, the grand jury, the trial court or the petit jury the power to impose different degrees of punishment on defendants who commit identical acts under the same circumstances. *Id.* Our supreme court reversed that decision and held that the statute did not violate either the due process or the equal protection clause. *McCollough*, 57 Ill. 2d at 445, 313 N.E.2d at 565. In doing so, it noted that the legislature may have established the new offense of reckless homicide because in many instances judges and juries may have been reluctant to convict a defendant of involuntary manslaughter when the reckless conduct that caused the death was the driving of a motor vehicle. *Id.* The court further noted that the legislature may have determined that because there are varying degrees of reckless driving, the offense of manslaughter, a felony, should be retained for the more serious offenses. *Id.* As noted by Justice Schaefer, writing for that court, "[s]uch determinations are not unreasonable, in our opinion, and their expression in the statute deprives no one of due process or equal protection of the laws." *Id.*

-10-

¶ 31 The United States Supreme Court reached the same decision in *United States v. Batchelder*, 442 U.S. 114, 123 (1979). In that case, the Supreme Court held that there was no violation of the equal protection clause where two statutes proscribed identical conduct but provided different punishment. *Batchelder*, 442 U.S. at 123-24. In doing so, the Court noted that it had "long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants," such as race or gender. *Batchelder*, 442 U.S. at 123-24. It further explained:

> "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with [the same] elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context." *Batchelder*, 442 U.S. at 125.

¶ 32 Accordingly, we conclude that while a person convicted of aggravated kidnaping may be eligible for a lesser amount of good-time credit than a person convicted of armed violence predicated on kidnaping, such difference in treatment does not amount to a violation of the equal protection clause.

¶ 33 We now turn to defendant's contentions that the mittimus should be amended to reflect 666 days of time spent in presentencing custody, instead of 664 days as currently reflected therein; and that it should reflect the correct statutory citation for his aggravated kidnaping conviction. However, having determined to remand this case for resentencing based on defendant's sentences' violation of the proportionate penalties clause, it would be premature to now order a specific correction to be made to the mittimus; therefore, we now address, more generally, whether the trial court should amend defendant's next mittimus to reflect additional presentencing credit and a different statutory citation for his aggravated kidnaping conviction.

¶ 34 Defendant argues that he is entitled to credit for both the day of his arrest and the day of his sentencing. The State agrees that defendant is entitled to one additional day of credit to reflect the time that he spent in custody on the day of his arrest, but maintains that defendant is not entitled to credit for the day of his sentencing. The question of whether defendant's mittimus should be amended is a purely legal issue, and we apply a *de novo* standard of review. *People v. Jones*, 397 Ill. App. 3d 651, 654, 921 N.E.2d 768, 771 (2009).

¶ 35 We agree with both parties that defendant is entitled to credit for the day of his arrest. Under the applicable section of the Unified Code of Corrections (Code), a defendant is entitled to credit for "time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2006). Further, it is well established that " '[o]nce a defendant is arrested for an offense[,] he or she is clearly "in custody" for that offense even before he or she is formally charged.' " *People v. Coleman*, 391 Ill. App. 3d 963, 984, 909 N.E.2d 952, 970 (2009) (quoting *People v. Roberson*, 212 Ill. 2d 430, 439, 819 N.E.2d 761, 766 (2004)). Thus, a defendant is entitled to sentencing credit for the day of his arrest. *Coleman*, 391 Ill. App. 3d at 984, 909 N.E.2d at 970.

¶ 36    However, we agree with the State that defendant is not entitled to credit for the day he was sentenced because the mittimus was issued that same day. Our supreme court has recently held that the day that a defendant's mittimus is issued counts as a day of defendant's sentence, and since defendant is entitled to have that day counted only once, the day of the issuance should not be counted as a day of presentence custody. *People v. Williams*, 239 Ill. 2d 503, 509, 942 N.E.2d 1257, 1261 (2011). In doing so, the court analyzed sections 5-4.5-100(b) and 3-6-3 of the Code, under which defendant must receive one day of good-conduct credit for each day spent in presentence incarceration, as well as credit for each day of his sentence under section 3-6-3. *Williams*, 239 Ill. 2d at 507, 942 N.E.2d at 1260 (citing 730 ILCS 5/5-4.5-100(b), 3-6-3 (West 2008)). Thus, the court explained that defendant would ultimately receive the same credit for the day of his sentencing whether it is counted under section 5-4.5-100 or section 3-6-3. *Williams*, 239 Ill. 2d at 507, 942 N.E.2d at 1260.

¶ 37    The court then noted that under section 5-8-5, the trial court is required to commit a defendant to the Department of Corrections at the time it issues the mittimus, and section 5-4.5-100(a) provides that a defendant's sentence "shall commence on the date on which [defendant] is received by the Department." (Internal quotation marks omitted.) *Williams*, 239 Ill. 2d at 509, 942 N.E.2d at 1261. Since section 5-8-5 requires the trial court to commit defendant to the Department at the time when the judgment is entered, the court explained, section 5-4.5-100(a) means that defendant's sentence begins on the day that the mittimus is entered. *Williams*, 239 Ill. 2d at 509, 942 N.E.2d at 1261. The court then concluded that since the date of the issuance of the mittimus is a day of sentence, for which defendant is entitled to credit under section 3-6-3, that day should not also be counted as a day of presentence custody under section 5-4.5-100(b). *Williams*, 239 Ill. 2d at 509, 942 N.E.2d at 1261.

¶ 38    In this case, the record shows that defendant was arrested on September 10, 2004, and sentenced on July 7, 2006. While he is not entitled to credit for his sentencing day, he is entitled to credit for the day of his arrest. Accordingly, while we remand this case for resentencing, we order the new mittimus reflect one additional day of presentencing credit. Ill. S. Ct. R. 615(b)(1) (eff. Jan. 1, 1967); *People v. McCray*, 273 Ill. App. 3d 396, 403, 653 N.E.2d 25, 29 (1995).

¶ 39    Defendant next argues, and the State agrees, that his mittimus should reflect the correct statutory citation for the offense of which he was convicted. The statutory citation for his aggravated kidnaping conviction is reflected in his mittimus as "720 ILCS 5/10-2(a)(5)," which refers to the offense of kidnaping while armed with a dangerous weapon, other than a firearm. However, defendant was convicted of aggravated kidnaping while armed with a firearm, and the correct statutory citation for that offense is "720 ILCS 5/10-2(a)(6)." Thus, we further order that on resentencing, defendant's mittimus reflect the statutory citation for defendant's conviction of aggravated kidnaping while armed with a firearm, namely, "720 ILCS 5/10-2(a)(6)." Ill. S. Ct. R. 615(b)(1); *People v. DeWeese*, 298 Ill. App. 3d 4, 13, 698 N.E.2d 554, 560 (1998).

¶ 40    Lastly, the State requests that this court require defendant to pay costs and a fee of $100 to the State for having to defend this appeal. In support, the State cites *People v. Nicholls*, 71 Ill. 2d 166, 174, 374 N.E.2d 194, 197 (1978), in which the court held that the State is authorized by statute to recover attorney fees as costs in the appellate court against "an

unsuccessful criminal appellant upon affirmance of his conviction." See 725 ILCS 5/110-7(h) (West 2004); 55 ILCS 5/4-2002.1 (West 2004). However, insofar as we find defendant's sentence to be unconstitutional under the proportionate penalties clause, defendant is not an unsuccessful criminal appellant, so recovery of costs is not warranted.

¶ 41    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, and defendant's cause is remanded for resentencing.

¶ 42    Affirmed in part; cause remanded.